

The following constitutes the order of the Court.
Signed: March 10, 2020

_____
**Charles Novack
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

ROGER FRANCIS SHORT and
LENEE JANE SHORT,

Debtors.

Case No. 19-42701 CN
Chapter 13

**ORDER OVERRULING OBJECTIONS
TO PLAN CONFIRMATION**

On February 25, 2020, this court conducted a contested confirmation hearing on Roger and Lenee Short's Chapter 13 plan (the "Plan")[1]. When they filed their Chapter 13 case the Shorts, who reside at 1463 Majestic Lane in Brentwood, California, were $34,615.09 in arrears to Bank of New York Mellon, which holds the senior deed of trust against their residence. The Plan fully repays these arrears with $100/month arrearage disbursements to the Bank during the Plan's first eighteen months, and $800/month payments for the Plan's remaining 42 months. Full payment notwithstanding, the Bank objects to confirmation. The Bank contends that the payment schedule violates Bankruptcy Code § 1322(b)(5), which requires the Shorts to cure the default within a "reasonable time."[2] The Bank attributes the "delay" in payments to the Shorts' decision to send their

---

[1] During the February 25th hearing, the court had before it the Shorts' third amended Chapter 13 plan. The Shorts filed a fourth amended Chapter 13 plan on March 3, 2020, and the Court's use of the term "Plan" refers to it.

[2] Bankruptcy Code § 1322(b)(5) provides in pertinent part that a Chapter 13 plan shall provide for the curing of any default within a reasonable period of time and maintenance of payments while the case is pending of any . . . secured claim on which the last payment is due after

1

children to private high school at a monthly cost of $5,375.³ The Bank argues that the Shorts should devote the tuition amount to their Chapter 13 plan, which would significantly expedite the arrearage cure.

The Bankruptcy Code does not define the phrase "reasonable time" under § 1322(b)(5). Its application is a function of the facts and equities of each case and must be applied flexibly. *Central Fed. Sav. & Loan Assoc. v. King (In re King)*, 23 B.R. 779, 781 (Bankr. 9th Cir. 1982). Courts may apply a multi-factor analysis to determine reasonableness under § 1322(b)(5). These factors include: (1) the nature and repayment period of the original obligation; (2) the nature of the property held as security; (3) debtors' payment record; (4) the amount and reason for the arrearage; and (5) whether the debtors are putting forth their best effort to cure the default. *In re King,* 7 B.R. 110, 112-113 (Bankr.S.D.Cal. 1980).

The Plan passes this test. The Bank's secured debt is a thirty year note which matures in 2035, and its collateral is worth more than the note balance. Thus, the timing of the arrearage payments will have no impact on the full repayment of its note. While the Shorts are ten payments in arrears, they have made approximately 94% of their note payments and have proposed a conduit Plan that requires that they stay post-petition current on their secured debt. The Plan also contains feasible step increases which the Shorts will fund by redirecting the tuition payments as their children graduate. Simply, the Bank is in no worse position if this Plan is confirmed. In contrast, the Shorts' lives may be thrown into significant disarray if their four high school age children are forced to change schools.

Accordingly, the Bank's objection to confirmation is overruled.⁴

**\* \* \* END OF ORDER \* \* \***

---

the date on which he final payment under the plan is due."

³ The Shorts have proposed a "step" Chapter 13 plan which monthly payments will increase as their children graduate from private school.

⁴ The Plan and the step declaration submitted by the Shorts fully address the Bank's remaining objections, and they are also overruled.

2

Case No. 19-42701 CN

**COURT SERVICE LIST**

Recipients are ECF participants.